**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZACKARY SANDERS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RACHEL THOMPSON,<br>*Warden*<br><br>　　　　　　Defendant. | Civil Action No. 25-18221 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

　　**THIS MATTER** comes before the Court on the submission of a *pro se* filing entitled "Emergency Motion for Status Update and Order to Show Cause" ("OTSC"), and docketed as a "Complaint," by Zackary Sanders, a federal prisoner. (ECF No. 1.)

　　According to the Complaint, which is dated November 23, 2025, "Plaintiff . . . respectfully files this emergency motion for status update and [OTSC] necessitated by defendants blocking Plaintiff's access to the courts as well as the tampering with, theft, and destruction of Plaintiff's legal mail/court filings at FCI Fort Dix-West." (*Id.* at 1.) Plaintiff specifically asks the Court to order Defendants to show cause as to (1) where Plaintiff's two "missing motions are and promptly locate them and mail them, and explain how and why they were mishandled" and why Defendants failed to mail Plaintiff's legal mail to the Court. (*Id.* at 4.) Plaintiff also requests that the Court provide a status update "on how to proceed to ensure this [First Amendment retaliation matter] can be litigated to end the illegal retaliation, have him returned to his regular unit/room at FCI Fort

Dix-West, . . . be able to again see his family and purchase legal supplies and necessities" and to appoint *pro bono* counsel because of Defendants' obstruction of Plaintiff's "legal access."[1] (*Id.*)

On December 1, 2025, the Clerk of the Court noted receipt of Plaintiff's filing, characterizing the submission as a "Complaint." (*See* ECF No. 1.) On January 7, 2025, the full $405 filing fee was received, and the "Complaint" was filed on the docket.

Plaintiff's requests for an OTSC, a status update from the Court as to how to proceed, and *pro bono* counsel are denied without prejudice. Specifically, under Local Civil Rule 65.1(a)

> Any party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint or verified counterclaim or by affidavit or other document complying with 28 U.S.C. § 1746 during the pendency of the action. No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit, other document complying with 28 U.S.C. § 1746 or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary. An order to show cause which is issued at the beginning of the action may not, however, serve as a substitute for a summons which shall issue in accordance with Fed. R. Civ. P. 4. The order to show cause may include temporary restraints only under the conditions set forth in Fed. R. Civ. P. 65(b).

Plaintiff's Complaint is not verified, and he has not filed any affidavit or other document complying with § 1746.[2] In addition, "there is *no* case law requiring courts to provide general

---

[1]   As of the date of the Complaint, Plaintiff was incarcerated at USP Lewisburg, Lewisburg, Pennsylvania. (ECF No. 1 at 4.) Plaintiff was subsequently transferred to, and remains confined at, FCI Danbury, Danbury, Connecticut. (ECF No. 3.)

[2]   28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken

legal advice to pro se parties," and the Supreme Court has repeatedly concluded that courts have no such obligation. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013).[3] As to Plaintiff's request for appointment of counsel, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel;" however, Plaintiff (who paid the filing fee and did not apply to proceed *in forma pauperis* ("IFP")) has made no showing that he is unable to afford an attorney.

28 U.S.C. § 1915A(a) provides that "[t]he court shall review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and that the court shall dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
(Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".

[3] The Clerk of the Court also sent Plaintiff the Notice of Guidelines for Appearing Pro Se. (ECF No. 2.)

defendant who is immune from such relief. The Complaint will be screened under this statutory provision in due course.

      **IT IS**, therefore, on this 20th day of January 2026, **ORDERED** as follows:

1. Plaintiff's requests for an OTSC, a "status update," and appointment of *pro bono* counsel (ECF No. 1) are **DENIED without prejudice**.

2. The Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

_____
GEORGETTE CASTNER
United States District Judge