**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZACKARY SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>RACHEL THOMPSON,<br>*Warden*<br><br>Defendant. | Civil Action No. 25-18221 (GC) (TJB)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on the submission of a Motion for Temporary Restraining Order and Preliminary Injunctive Relief (the Motion) by *pro se* Plaintiff Zackary Sanders, a federal prisoner (ECF No. 11); and

**WHEREAS** the Motion seeks an Order enjoining Defendants from transferring Plaintiff from general population in FCI Fort Dix West, enjoining Defendants from enforcing any sanctions related to incident reports 4120722 and 4197794, restraining Defendants from taking any future adverse actions based on Plaintiff's speech in outgoing communication, and restraining Defendants from taking any further retaliatory actions such as changing Plaintiff's housing assignment, terminating visits, or terminating employment; and

**WHEREAS** Plaintiff indicates he attempted to file a prior version of the Motion around November 6, 2025 by "tender[ing] [it] to prison staff for mailing" but that the prior version was "never physically received by this Court," such that Plaintiff's instant Motion is a "re-typed and re-mailed" copy of the November 2025 version; and

**WHEREAS** Plaintiff acknowledges that since November 2025, "Defendants have conducted the retaliatory transfer this motion seeks to prevent," which was transferring Plaintiff out of "general population at FCI Fort Dix-West" such that Plaintiff is now located at FCI Danbury (ECF No. 11 at 1, 19, 40); and

**WHEREAS** preliminary injunctive relief "is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted); and

**WHEREAS** a plaintiff seeking a preliminary injunction must establish that (1) they are reasonably likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3rd Cir. 2017); *see also HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, at *7 (D.N.J. June 2, 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); and

**WHEREAS** when the event sought to be enjoined in a preliminary injunction has occurred, a preliminary injunction is moot. *See Bridges v. Comm'r of Soc. Sec.*, 607 F. App'x 168, 170 (3d Cir. 2015) (denying appeal of preliminary injunction as moot where the plaintiff sought to enjoin an action requiring him to attend trainings and reassigning his cases but the plaintiff had since completed the training and had been reinstated to hear cases); *see also Scattergood v. Perelman*, 945 F.2d 618, 621 (3d Cir. 1991) (affirming denial of preliminary injunction where "the event sought to be enjoined in [the] preliminary injunction has occurred" such that the appeal was moot); and

**WHEREAS** Plaintiff's Motion acknowledges that the "retaliatory transfer" event Plaintiff sought to prevent has already occurred, but Plaintiff has now added, via footnote and certification,

relief in the form of an order "requiring [his] return" to FCI Fort Dix (ECF No. 11 at 19, n.3 ("Defendants have since conducted the transfer. Granting of this motion should require Plaintiff's return."); *id.* at 40 ¶ 185 ("As I legally filed this case and the TRO before I was transferred, this Court should maintain jurisdiction to grant the TRO and prevent the transfer - at this point requiring my return.")); and

**WHEREAS** 18 U.S.C. 3621(b) gives the Bureau of Prisons the power to direct the confinement of federal prisoners in any available facility and may transfer a prisoner from one facility to another at any time. 18 U.S.C. § 3621(b) ("The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another."); *see also Milhouse v. Heath*, Civ. No. 15-01400, 2022 WL 18046717, at *3 (M.D. Pa. Apr. 13, 2022), *report and recommendation adopted*, Civ. No. 15-01400, 2022 WL 18046463 (M.D. Pa. June 1, 2022) (citing *Ali v. Gibson*, 631 F.2d 1126, 1135 (3d Cir. 1980) ("If the prisoner can be lawfully held in the facility to which he has been transferred, he cannot object to that transfer, even if the transfer results in his being placed in a more restrictive or less accessible facility.")); and

**WHEREAS** Plaintiff's "declaration is in as near form as possible" to his original attempted filing, with the exception of the "addition [of] those facts which occurred after [Plaintiff] left FCI Fort Dix-West," including allegations that: Plaintiff's elderly parents "must drive over 6-7 hours one-way to see [Plaintiff] instead of 2 hours"; Plaintiff is "farther from [his] friends, ha[s] less visiting time, and ha[s] reduced access to programming and work"; Plaintiff is "deprived of the ability to see and follow up with [his] specialist neurologist and neuro-ophthalmologist who are local to Fort Dix"; and Plaintiff "experienced an episode of Optic Neuritis, and now ha[s] additional permanent damage to [his] optic nerve and visual field" (ECF No. 11 at 41 ¶ 191); and

**WHEREAS** the only facts Plaintiff includes in his Motion that post-date his transfer relate

to the inconvenience of his transfer, which is not a recognized harm. *Millhouse*, 2022 WL 18046717 at *3 (citing *Ali*, 631 F.2d at 1135) ("If the prisoner can be lawfully held in the facility to which he has been transferred, he cannot object to that transfer, even if the transfer results in his being placed in a more restrictive or less accessible facility.");

**WHEREAS** to the extent Plaintiff claims he has received inadequate medical care, Plaintiff's Complaint does not state a claim for deliberate indifference (ECF No. 10-1); and

**WHEREAS** "[a]llegations of deliberate indifference must satisfy 'a high threshold,'" *Anderson v. Bickell*, 2018 WL 5778241, at *2 (3d Cir. Nov. 2, 2018), and "there is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" *Wisniewski v. Frommer*, 751 Fed. Appx. 192, 195 (3d Cir. 2018) (quoting *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017)); and

**WHEREAS** Plaintiff's application fails to state whether Plaintiff has been denied medical care at his current facility, whether he has been provided medical care that is inadequate, or whether his complaints stem from a preference for his prior medical care, such that even if Plaintiff brought a claim for deliberate indifference, Plaintiff's application lacks facts to support such a claim. *Anderson*, 2018 WL 5778241 at *2 (3d Cir. Nov. 2, 2018) (citing *Pakakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) ("Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference")); and

**WHEREAS** Plaintiff has failed to name any defendant in a position to provide the prospective injunctive relief he seeks, such as any official affiliated with the correctional facility where he is currently located. *See Rodrigues v. Special Treatment Unit*, No. 19-14708, 2024 WL 5264262, at *5 n.4 (D.N.J. Dec. 31, 2024); *see also Millhouse*, 2022 WL 18046717 at *3 (indicating that attempt to enjoin non-parties weighs against likelihood of success on the merits);

and

**WHEREAS** Plaintiff has failed to establish that he is reasonably likely to succeed on the merits of his claim such that the circumstances do not warrant the extraordinary remedy of injunctive relief here. *See Reilly*, 858 F.3d at 176; *see also HR Staffing Consultants, LLC*, 2015 WL 3492609 at *7; *see also Kos Pharms., Inc.*, 369 F.3d at 708; and

**WHEREAS** for the reasons set forth above and for good cause shown,

**IT IS**, on this 20th day of November, 2026,

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (ECF No. 11) is denied without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to TERMINATE the Motion pending at ECF No. 11.

Georgette Castner

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE